NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1841
_____

UNITED STATES OF AMERICA

v.

ATLAS AQUARIUS SIMPSON, a/k/a Large

Atlas A. Simpson, Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00443-014)
District Judge:  The Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  July 8, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

        Atlas Aquarius Simpson pleaded guilty to conspiracy to transport individuals for

purposes of engaging in prostitution, to coercing and enticing individuals to travel to

engage in prostitution, and to interstate travel with intent to distribute the proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), and 1952(a). He also pleaded guilty to a count of interstate transportation for purposes of prostitution, in violation of 18 U.S.C. § 1952(a)(3) and (2).

Quoting Simpson's brief, he appeals: "Whether a District Court's decision to count a violation of a local tax ordinance violates the sentencing guidelines where a violation of a municipal tax law is not a violation of any state criminal statute?" Appellant's Brief, p. 2. We have plenary review over the District Court's interpretation of the Guidelines. *United States v. Jimenez*, 513 F.3d 62, 85 (3d Cir. 2008). We will affirm.

Citing to U. S. Sentencing Guidelines Manual § 4A1.2 (2006), Simpson avers that the District Court erred by assigning to him one criminal history point for having been convicted of failing to file an earned income tax return. The problem with Simpson's assertion, however, is that the District Court accounted for his objection in its sentence. The applicable statutory maximum was 120 months. With an offense level of 23, and a criminal history category of VI, Simpson's Guidelines range was 92 to 115 months. However, acknowledging that one criminal history point was for failure to file a local earned income tax return, the District Judge agreed to credit Simpson one point, accounting for it in her analysis of 18 U.S.C. § 3553(a) factors. If the point had been removed from the Guidelines calculation, his Guidelines range would have been 84 to 105 months. Taking note of Simpson's objection—among other factors—in its section 3553(a) analysis, the District Court sentenced him to 72 months of imprisonment, well

2

below either Guidelines range.  Moreover, upon the government's motion for a downward departure for Simpson's substantial cooperation in the prosecution of co-conspirators, pursuant to section 5K1.1, the District Court issued an amended sentence of 57 months.

The District Court's sentence is eminently reasonable and substantially just.  We will affirm the District Court's judgment of sentence.[1]

---

[1] Although Judge Hardiman agrees that Simpson's sentence is eminently reasonable and substantially just, he would hold that the District Court committed procedural error by assigning Simpson one criminal history point pursuant to section 4A1.2 of the Sentencing Guidelines.